UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christine Quinlavin,                                                      Case No. 15-cv-731

                 Petitioner

        v.                                                           MEMORANDUM OPINION

Commissioner of Social Security,

                 Respondent

## I.     INTRODUCTION

Petitioner Christine Quinlavin objects to the Report and Recommendation of Magistrate Judge Thomas M. Parker, filed on May 10, 2016, which recommends I affirm the Commissioner of Social Security's decision denying Quinlavin's application for Supplemental Security Income. (Doc. Nos. 18 & 19). Quinlavin contends Magistrate Judge Parker erred in his review of the decision of Administrative Law Judge Ryan Glaze. For the reasons stated below, Quinlavin's objections are overruled, and I adopt Magistrate Judge Parker's R & R as the Order of the Court.

## II.     BACKGROUND

Quinlavin first applied for SSI benefits in July 2009, due to limitations associated with scoliosis and mental impairments. (Doc. No. 11. at 88). A hearing was conducted by ALJ Melissa Warner. *Id.* At the time, Quinlavin was not seeking treatment for her back because she did not have insurance coverage. *Id.* at 94. Therefore, there was no record to support her allegation of physical impairment. *Id.* ALJ Warner found Quinlavin to have a "marked impairment in social functioning" that limited her to work where she would have no contact with the general public and limited contact with co-workers. *Id.* at 92-93. No other evidence supported a finding that Quinlavin's

mental impairments rose to the requisite level of severity to qualify for benefits, and her application was denied. *Id.* at 98.

On November 15, 2011, Quinlavin filed the application currently at issue. *Id.* at 24. While the application was pending, Quinlavin sought treatment for her back issues and continued psychiatric treatment. ALJ Ryan Glaze found there was sufficient change in the objective evidence of Quinlavin's worsening condition to warrant a new review and impose additional limitations. *Id.* at 24-25. Though ALJ Glaze cited additional "severe impairments" both physically and psychologically, he found her impairments to cause "minimal limitations on [her] ability to do basic work activities." *Id.* at 27. Her second application was also denied; the Appeals Counsel of the Social Security Administration declined review of the decision. *Id.* at 5, 41.

Quinlavin moved this court for judicial review of ALJ Glaze's decision, stating the ALJ failed to assign proper weight to the treating physicians' opinions in violation of Social Security law. Magistrate Judge Parker recommends I affirm the ALJ decision, to which Quinlavin objects. I find Magistrate Judge Parker has accurately and comprehensively set forth the procedural and factual background of this case, and I adopt those sections of the R & R in full. (Doc. No. 18 at 1-17).

### III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F. Supp. 2d 738, 740 (N.D. Ohio 2010).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence

2

as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. DISCUSSION

Quinlavin objects to Magistrate Judge Parker's finding that the weight and scrutiny given to various doctors' opinions by ALJ Glaze were proper. Specifically, she finds error in: (1) the application of the treating-physician rule to the medical opinion of her treating pain management specialist, Dr. Nadeem Moghul; (2) the application of the treating-physician rule to the medical opinion of her treating psychiatrist, Dr. Irfan Ahmed; and (3) the ALJ's evaluation of the medical assessment of non-treating, but examining physician, Dr. Suthil Sethi.

In considering an application for supplemental security income, the Social Security Administration must evaluate every medical opinion it receives. 20 C.F.R. § 404.1527(c); 20 C.F.R. § 416.927(c). The SSA places medical sources into three categories: (1) non-examining sources; (2) non-treating, but examining, sources; and (3) treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Treating sources are given the greatest amount of deference and generally are to be accorded controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in [the] case record." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). In deciding the amount of weight to give to a medical opinion, the SSA considers (1) the examining relationship; (2) the treatment relationship; (3) the supportability of the opinion in light of "all of the pertinent evidence"; (4) the consistency of the opinion with the record as a whole; (5) the medical source's specialization, if any; and (6) other factors the claimant or others bring to the SSA's attention which tend to support or contradict the source's opinion. 20 C.F.R. § 404.1527(c)(1)-(6); 20 C.F.R. § 416.927(c)(1)-(6).

The SSA "will always give good reasons" for the weight given to a treating source's opinion. S*ee* 20 C.F.R. § 404.1527(c)(2); *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (holding treating-source-opinion regulations "require only that the ALJ's decision include 'good reasons'" for the weight given to the treating source opinion, "not an exhaustive factor-by-factor analysis."). The treating-physician rule is designed to provide claimants with an understanding of the SSA's disposition of their applications and to permit "meaningful appellate review of the ALJ's application of the rule." *Rogers*, 486 F.3d at 242-43 (quoting *Wilson*, 378 F.3d at 544). To provide good reasons for discounting a treating physician's opinion, the ALJ must identify the reasons for discounting the opinion and explain how those reasons affected the weight the ALJ assigned to the opinion. *Rogers*, 486 F.3d at 243.

An ALJ does not need to explicitly refer to any or all of the § 404.1527(c) factors; an ALJ's explanation for giving less-than-controlling-weight to a treating-source opinion satisfies the "good reasons" requirement when the explanation "reaches [at least] several of the factors that an ALJ must consider." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009); *see also Francis*, 414 F. App'x at 804-05 (holding the SSA regulations do not require "an exhaustive factor-by-factor analysis."). While Quinlavin correctly notes that *Hensley v Astrue*, 573 F.3d 263 (6th Cir. 2009), and *Blakely v. Commissioner of Social Security*, 581 F.3d 399 (6th Cir. 2009), state ALJs must "apply" the § 404.1527(c) factors, "apply" is not synonymous with "list."

Moreover, to the extent Quinlavin argues *Blakely* and *Hensley* impose a different, more stringent standard than *Allen*, her contention is unconvincing. A published Sixth Circuit decision "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting en banc overrules the prior decision." *Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). The holding that the SSA regulations' "good reasons" requirement does not mandate explicit reference to the § 404.1527(c) factors was essential

4

to the Sixth Circuit's decision in *Allen* and therefore is binding. *Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003).

**A.     Dr. Nadeem Moghal—Treating Physician in Physical Health**

ALJ Glaze gave little weight to the opinion given by Dr. Moghal in the Medical Source Statement regarding Physical Abilities and Limitations. In support of his decision, ALJ Glaze noted inconsistencies between the objective evidence and Dr. Moghal's opinion. After an independent review of the record, I too find that Dr. Moghal's opinion is inconsistent with the objective evidence, including the treatment history with Dr. Moghal himself.

According to the medical records provided, Quinlavin's pain was eased with medication that "allow[ed] her to maintain her [Activities of Daily Living]." (Doc. No. 11. at 540). In a document dated August 29, 2013, Dr. Moghal reported that Quinlavin had been taking care of her son with a broken leg, doing yard work, and exercising to lose weight. *Id.* Five days later, in Dr. Moghal's opinion, he stated Quinlavin would only be able to stand or sit for fifteen minutes at a time and could not alternate between the two because she needed to "lay prone for 30 min. prior to resuming activity." *Id.* at 535. There is no indication of this extreme restriction elsewhere in the record. Given the blatant discrepancy in the statements of Dr. Moghal in a week's time, I find ALJ Glaze's decision to decline controlling authority to the treating physician's opinion to be supported by the record. Additionally, Quinlavin fails to identify any medical evidence in her objection to support Dr. Moghal's opinion, relying solely on her testimony to support her allegations. *See Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 507 (6th Cir. 2014) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997)) ("[I]t is proper for an ALJ to give a treating physician's opinion less-than-controlling weight where a claimant is 'unable to direct this court to any portion of [the treating physician's] records which support the claim that his impairments are disabling.'").

I also reject Quinlavin's assertion that ALJ Glaze failed to consider "the nature and extent of the treatment relationship." (Doc. No. 19 at 2). Quinlavin saw Dr. Moghal for back pain on a

5

regular basis from August 2012 through the time of Dr. Moghal's opinion. In ALJ Glaze's decision, he carefully detailed the course of treatment including changes in medication and condition as well as procedures performed. In addition, contrary to Quinlavin's argument, I find the ALJ's concern about Dr. Moghal's bias to be indicative of his appreciation of the nature and extent of the treatment relationship.

In summary, I find ALJ Glaze provided "good reasons" for his decision to give little weight to Dr. Moghal's opinion. Because Dr. Moghal's opinion is not supported by objective evidence and is at odds with the record as a whole, the opinion is not entitled to controlling weight under the treating-physician rule. Quinlavin's objection with respect to Dr. Moghal is overruled.

**B.      Dr. Irfan Ahmed—Treating Psychiatrist**

ALJ Glaze also gave little weight to Dr. Irfan Ahmed's opinion in the Medical Source Statement Concerning the Nature and Severity of an Individual's Mental Impairments. In explanation, he found that Quinlavin's medication, when taken properly, controlled her symptoms and that they were exacerbated by situational factors rather than mental health issues. Further, he cited inconsistencies between Dr. Ahmed's opinion and the objective evidence concerning her orientation, concentration, attention, memory, and psychomotor activities.

The record reveals several times in which Quinlavin failed to follow the medication regimen prescribed by Dr. Ahmed. Quinlavin admitted to this in her testimony, stating that because of her bipolar disorder and "forgetfulness" she would stop taking her medication until she was a "wreck" and realized she needed to take the medications. *Id.* at 65-66. While there are certain instances when mental impairment is a "good reason" for failure to follow prescribed treatment, there is no objective evidence to indicate Quinlavin's bipolar disorder caused her failure to adhere to her medication regimen. 20 C.F.R. § 404.1530. ALJ Glaze's assertion that her symptoms are controlled by medication is supported by the record.

6

Dr. Ahmed treated Quinlavin for mental health issues from at least September 2010 to the time the opinion was given in 2013.  Over the course of treatment, Dr. Ahmed consistently stated she was alert and oriented with fair insight and judgment.  Quinlavin's memory, attention, and concentration were also found to be intact and her psychomotor activity normal.  These findings are consistent with the record as a whole but contrary to limitations cited in Dr. Ahmed's opinion.  The opinion asserted Quinlavin's ability to maintain attention and concentration and remember, understand, and follow directions were all below average.  Neither this nor the other statements made in the opinion are supported by the objective evidence contained in the record.  In her objections, Quinlavin brings no such evidence to my attention.  *Sullivan*, 595 F. App'x at 507.

Therefore, I find ALJ Glaze's decision not to give controlling weight to Dr. Ahmed's opinion to be proper.  ALJ Glaze's decision displays a thorough inspection of the entire record, including the treatment relationship between Quinlavin and Dr. Ahmed.  I find ALJ Glaze gave due consideration to the necessary factors and provided "good reasons" for giving little weight to Dr. Ahmed's opinion.  Quinlavin's objection regarding Dr. Ahmed is overruled.

**C.     Dr. Suthil Sethi—Non-treating, but Examining, Physician**

ALJ Glaze afforded great weight to Dr. Sethi's opinion because "it is consistent with the claimant's assigned residual functional capacity and is supported by straight leg testing, her normal gait, and only mild objective findings." (Doc. No. 11 at 31).  As a state agency consultant, Dr. Sethi is considered to be an "expert[] in the evaluation of the medical disability claims under the Social Security Act." *Miller v. Comm'nr of Social Sec.*, 811 F.3d 825, 834 (6th Cir. 2016).  Though Dr. Sethi's assessment was rendered over a year-and-a-half before Dr. Moghal's opinion and nearly eight months before Dr. Moghal began treating Quinlavin, I do not find error in the weight given.  The Sixth Circuit has held greater gaps in time to be acceptable when there has been little change in the claimant's condition.  *Gibbens v. Comm'r of Social Sec.*, 659 F. App'x 238 (6th Cir. 2016).  In *Gibbens*, five years had passed from the time of the state agency consultant's assessment, during which time

7

the claimant had seen several other doctors and undergone surgery. *Id.* at 247. Since "the ALJ's own analysis clearly spanned the entire record," the Circuit afforded deference to the ALJ's decision to place greater weight on the dated state agency consultant's assessment than the more current treating physician opinion found to be inconsistent with the record. *Id.* at 248.

After reviewing the record, I agree with ALJ Glaze: Dr. Sethi's opinion more accurately reflects Quinlavin's physical health. ALJ Glaze's decision is supported by substantial evidence, and Quinlavin's final objection is overruled.

## V. CONCLUSION

For the reasons stated above, Quinlavin's objections are overruled, and I adopt Magistrate Judge Parker's report and recommendation as the order of the court. Quinlavin's complaint is dismissed.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge